# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JIMMY L. CRAIG, SR.,

        Petitioner,     :     Case No. 2:21-cv-3789

 - vs -                            District Judge James L. Graham
                                     Magistrate Judge Michael R. Merz

FRANKLIN COUNTY
 PROSECUTOR'S OFFICE, et al.,

                                         :

        Respondent.

## ORDER STAYING PROCEEDINGS PENDING EXHAUSTION

       This is a habeas corpus case brought *pro se* by Petitioner Jimmy Craig to obtain release from his confinement at the Franklin County Corrections Center on charges of domestic violence (Petition, ECF No. 1, PageID 1). Petitioner avers that he is unable to post the required bond and inferentially claims the bond is excessive, in violation of the Eighth Amendment, which prohibits excessive bail.

       State courts have the same obligation to uphold the United States Constitution as federal courts. Indeed, the Constitution requires both state and federal judges, as well as all other public officials, to take an oath to defend the Constitution. Respectful of that joint obligation and of the demands of comity between the state and federal courts, federal law requires that a state criminal defendant present his constitutional claims regarding his confinement first to the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

       The Petition gives this Court no information about what Petitioner has done to obtain relief

on his excessive bail claim, either by application to the Franklin County Court of Common Pleas or by appeal to the Ohio Tenth District Court of Appeals for Franklin County from any denial of relief by the Common Pleas Court.

Accordingly, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), these habeas corpus proceedings are STAYED pending Petitioner's exhaustion of state court remedies. Petitioner is direct to inform this Court as soon as possible what steps he has taken to exhaust those remedies and to keep the Court advised thereafter of the status and progress of those proceedings.

Petitioner also complains that he has been denied his right to a speedy trial, but indicates his counsel has agreed to trial continuances without his consent. A federal court cannot intervene in state court criminal proceedings to compel a trial. *Younger v. Harris*, 401 U.S. 37 (1971), requires federal courts to abstain from intervening in any state court proceeding where (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff or petitioner an adequate opportunity to raise his constitutional claims. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989); *Ohio Civil Rights Com. v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986). If the State does not bring these criminal charges to trial within the time required by the Sixth Amendment, that will be an appropriate claim to raise in this Court in habeas corpus after state court remedies have been exhausted.

July 20, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
