# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JIMMY L. CRAIG, SR.,

        Petitioner,    :    Case No. 2:21-cv-3789

  - vs -        District Judge James L. Graham
        Magistrate Judge Michael R. Merz

FRANKLIN COUNTY
 PROSECUTOR'S OFFICE, et al.,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Jimmy Craig to obtain release from his pretrial confinement at the Franklin County Corrections Center on charges of domestic violence (Petition, ECF No. 1, PageID 1).  As initially pleaded, Petitioner claimed he was being held on excessive bail in violation of the Eighth Amendment.  This Court stayed proceedings to allow Petitioner to exhaust the remedies for that alleged constitutional violation in the state courts.

Petitioner now reports to the Court that he has been convicted of tampering with evidence and has appealed to the Ohio Court of Appeals for the Tenth District (Status Update, ECF No. 9). Craig does not advise the Court whether he is still in custody.

Now that Petitioner has been convicted, the law applicable to his case  changes substantially.  The Franklin County Prosecutor and Sheriff are no longer proper parties because they no longer have custody of the Petitioner.  If he is imprisoned, the warden is the proper party.

If he is on community control, it must be the probation department of whatever court he was convicted in.

More importantly, Petitioner must exhaust his available state court remedies for challenging his conviction and this Court can only hear challenges of a federal constitutional nature.[1]  At this point, Craig had not even pleaded any constitutional violations.

Because Craig has neither pleaded nor exhausted any constitutional challenges to his conviction, his Petition should be dismissed without prejudice so that he can re-file it once he has exhausted state court remedies.

Accordingly, the Magistrate Judge respectfully recommends this case be dismissed without prejudice to its refiling after Petitioner has exhausted his available state court remedies.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

 September 3, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a

---

[1] From his Update, Petitioner seems to be claiming errors in the application of the Ohio Rules of Evidence, which are not enforceable under the Constitution.

3

memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #